IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS ESPINO,

      Plaintiff,                                 No. CIV S-08-2153 FCD EFB PS

      vs.

STATE OF CALIFORNIA, et al.,

      Defendants.                      <u>FINDINGS AND RECOMMENDATIONS</u>

/

      This case is before the court on defendants' motions to dismiss plaintiff's complaint and to declare plaintiff a vexatious litigant. Dckt. Nos. 5, 6, 7, 23. These matters were submitted for decision on the papers. Dckt. Nos. 18, 20, 28. For the reasons that follow, this court recommends that defendants' motions to dismiss be granted, but the motions to declare plaintiff a vexatious litigant be denied.

<u>BACKGROUND</u>

      Plaintiff challenges the adjudication of his workers' compensation claim by the California Workers Compensation Appeals Board. He names as defendants, his former employer (G.S.E. Construction Company, Inc.), his employer's workers' compensation insurance carrier (Liberty Mutual Insurance Company) and his employer's workers' compensation attorneys (Katchis, Harris & Yempuku and Daniel Reich), the State of California,

1

1  the California Department of Industrial Relations Division of Workers' Compensation ("DWC"),
2  Carrie Nevans the Director of DWC and Kaiser Permanente Medical Group.
3       Plaintiff alleges that GSE Construction, the workers' compensation board, Liberty
4  Mutual and various medical personnel conspired to deny him adequate medical care and
5  workers' compensation payments by falsifying medical records and other fraudulent activities.
6  Compl. at 3-10.  The attorneys and judges then conspired to dismiss plaintiff's workers'
7  compensation claim. *Id.*
8       Defendants' motions seek to dismiss plaintiff's action for lack of subject matter
9  jurisdiction, Fed. R. Civ. P. 12(b)(1), and failure to state a claim, Fed. R. Civ. P. 12(b)(6).
10 Defendants contend that this court lacks subject matter jurisdiction, pursuant to the *Rooker-*
11 *Feldman* doctrine, as plaintiff brought the same action in state court and a demurrer was
12 sustained in that action with prejudice.
13      Following the filing of defendants' motions to dismiss, plaintiff filed a first and second
14 amended complaint on June 26, 2009, and September 4, 2009.  Dckt. Nos. 22, 26.  Defendants
15 have not responded to these additional complaints.  The first amended complaint is a two page
16 summary of the original complaint followed by 300 pages of exhibits.  Dckt. No. 22.  The second
17 amended complaint, filed without leave from the court, also repeats the allegations from the prior
18 complaints.  Dckt. No. 26.
19      Pursuant to Fed. R. Civ. P. 15, the first amended complaint, despite its deficiencies, could
20 be construed as the operative complaint in this matter, rendering the motions to dismiss the
21 original complaint as moot.  Yet, as the court is dismissing this case for lack of subject matter
22 jurisdiction, it is irrelevant that motions to dismiss have not been filed against the first amended
23 complaint.  *See Emrich v. Touche Ross and Co.*, 846 F.2d 1190, 1194 n. 2. (9th Cir. 1988) (a
24 challenge to the Court's subject matter jurisdiction can be raised at any time, including sua
25 sponte by the Court.)  The court finds that all of plaintiff's complaints should be dismissed for
26 lack of subject matter jurisdiction.

1  MOTIONS TO DISMISS

2      LEGAL STANDARDS

3      "Federal courts are courts of limited jurisdiction.  They possess only that power
4  authorized by Constitution and statute . . . ."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511
5  U.S. 375, 377 (1994) (internal citations omitted).  Rule 12(b)(1) of the Federal Rules of Civil
6  Procedure allows a party to seek dismissal of an action where federal subject matter jurisdiction
7  is lacking.  "When subject matter jurisdiction is challenged under Federal Rule of Procedure
8  12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."
9  *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

10     A party may seek dismissal for lack of jurisdiction "either on the face of the pleadings or
11 by presenting extrinsic evidence."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139
12 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.2000)).  In a factual challenge,
13 the court may consider evidence demonstrating or refuting the existence of jurisdiction.
14 *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir.2008).  "In such
15 circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and the existence
16 of disputed material facts will not preclude the trial court from evaluating for itself the merits of
17 jurisdictional claims."  *Id*. (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987)).

18     The court may consider facts established by exhibits attached to the complaint.  *Durning*
19 *v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts
20 which may be judicially noticed, *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388
21 (9th Cir. 1987); and matters of public record, including civil pleadings, orders, and other papers
22 filed with the court, *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986).
23 The court need not accept legal conclusions "cast in the form of factual allegations."  *Western*
24 *Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

25     A pro se litigant is entitled to notice of the deficiencies in the complaint and an
26 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.

1  *See Noll v. Carlson*, 809 F. 2d 1446, 1448 (9th Cir. 1987).

2  DISCUSSION

3  The court notes at the outset, that plaintiff's complaint is substantially similar to a complaint he filed in this court in July 2006, *Carlos Espino v. Liberty Mutual Insurance Co.*, CIV S-06-1523 RRB KJM.[1] In that case, plaintiff's complaint was dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine without leave to amend. Plaintiff appealed the dismissal to the Ninth Circuit, that held:

> A review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (per curiam) (stating standard). The district court properly concluded that it lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine because appellant's action amounted to a forbidden "de facto appeal" of a state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 284 (2005) (holding that *Rooker-Feldman* bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commended" from asking district courts to review and reject those judgments).

*Carlos Espino v. Liberty Mutual Insurance Co.*, No. 07-16291 (9th Cir. Feb. 14, 2008).

Therefore, as the Ninth Circuit has essentially already ruled on the case, this action should be dismissed as duplicative.

To the extent that plaintiff's complaint could be construed to contain claims and defendants not in the previous complaint, the case must still be dismissed. In the instant complaint, plaintiff has added new allegations that the anguish surrounding his worker's compensation claim contributed to the death of his mother and is now causing emotional distress to his children, who he has added as plaintiffs.[2] Despite these additional claims and parties, the court still lacks subject matter jurisdiction pursuant to *Rooker-Feldman*.

////

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Both complaints contain allegations that defendants have attempted to assassinate plaintiff.

4

Following the Ninth Circuit decision, plaintiff filed a new complaint in San Joaquin Superior Court on August 1, 2008, case no. 39-2008-00189972-CU-FR-STK, with similar allegation to those in the instant complaint.[3] Dckt. No. 8, Ex. 10.  On October 16, 2008, the San Joaquin Superior Court sustained defendant's demurrer without leave to amend and dismissed plaintiff's action with prejudice. *Id.*, Exs. 11, 12.

A federal district court does not have jurisdiction to review legal errors in state court decisions. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).  A federal plaintiff who asserts as a legal wrong, an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, is barred by *Rooker-Feldman* because the federal court lacks subject matter jurisdiction. *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).  Claims raised in federal district court need not have been argued in the state judicial proceedings to be barred by the *Rooker-Feldman* doctrine. *Feldman*, 460 U.S. 483-84 & n.16.

The basis in the state court for the demurrer was, in part, that plaintiff's claims were within the exclusive jurisdiction of the Workers' Compensation Appeals Board.  The demurrer was sustained without leave to amend.  If plaintiff is allowed to proceed forward in this action, any federal court determination would undercut the state court's ruling.  Therefore, this action, as with plaintiff's previous federal case, is barred under *Rooker-Feldman* and should be dismissed.  As the court cannot discern any manner by which plaintiff could cure the defects discussed above, the complaint should be dismissed without leave to amend.

////

////

////

---

[3] This was plaintiff's second complaint with the same underlying facts filed in San Joaquin Superior Court.  Plaintiff previously filed a case in San Joaquin Superior Court, that was dismissed without leave to amend and served as the basis for the *Rooker-Feldman* holding in *Carlos Espino v. Liberty Mutual Insurance Co.*, CIV S-06-1523 RRB KJM.

## MOTIONS TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

Defendants GSE Construction, Liberty Mutual Insurance Company and California Department of Industrial Relations, move this court to declare plaintiff a vexatious litigant. Dckt. Nos. 7, 23.

## LEGAL STANDARDS

The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits).

District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation. *See Delong*, 912 F.2d at 1147. Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case. *See*, *e.g.*, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (requiring pro se inmate deemed vexatious litigant to show good cause before being permitted to file future actions); *De Long*, 912 F.2d at 1146-47 (prohibiting filings of pro se litigant proceeding in forma pauperis without leave of the district court); *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) (forbidding pro se plaintiff from filing further complaints without prior approval of district court).

The Ninth Circuit has said that pre-filing review orders, in which a complainant is required to obtain approval from a United States Magistrate or District Judge prior to filing a complaint, can be appropriate in certain occasions but "should rarely be filed." *DeLong*, 912 F.2d at 1147. The *DeLong* court articulated that the following four conditions must be met before the court enter such an order: (1) plaintiff must be given adequate notice to oppose the order; (2) the court must provide an adequate record for review, listing all the cases that led the

court to conclude that a vexatious litigant order was warranted; (3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored. *Id*. at 1147-48.

DISCUSSION

In support of their motions, defendants contend that plaintiff has demonstrated a history of filing frivolous complaints against the defendants, ignoring state and federal court rulings that the Workers' Compensation Appeals Board maintains exclusive jurisdiction over the matters plaintiff challenges. As discussed above, plaintiff filed two cases in state court and now two cases in federal court alleging the same facts against the same defendants, even after the cases were dismissed. In the instant case, plaintiff essentially filed the same complaint after the Ninth Circuit affirmed its dismissal.

While the court is sympathetic to defendants' argument and agrees that plaintiff's filings are frivolous, the court is not at this time satisfied that plaintiff should be declared a vexatious litigant. Plaintiff's conduct has not risen to the level set forth in *DeLong*. *See e,g.*, *Mellow v. Sacramento County*, 2008 WL 2169447 (E.D. Cal. 2008) (declared vexatious litigant upon filing tenth federal action); *Andrews v. Guzman*, 2009 WL 1705811 (E.D. Cal. 2009) (declared vexatious after filing over twenty cases in this court).

However, plaintiff is warned that his conduct could serve as the basis for Fed. R. Civ. P. 11 sanctions. Rule 11 sanctions may be imposed "when a filing is 'frivolous,' meaning that it is 'baseless and made without a reasonable and competent inquiry.'" *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). The Ninth Circuit has ruled that "successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." *Buster v. Petersen*, 104 F.3d 1186, 1190 (9th Cir. 1997). Should plaintiff file a new complaint with the same underlying facts, there is a high probability that plaintiff will face sanctions. Defendants' motions, however, should be denied.

////

NONMOVING DEFENDANTS

Plaintiff has also named as defendants, the State of California and Kaiser Permanente Medical Group. Neither party has responded, yet it does not appear that the State of California was served and according to plaintiff, a summons and complaint was left with a security guard at Kaiser Permanente Medical Group. Dckt. No. 4 at 7.

As explained above, the court recommends that the motions to dismiss be granted to the moving defendants. As to the nonmoving defendants, the court recommends dismissal as well. "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir. 1995). The claims made here against the nonmoving defendants are integrally related to the claims against the moving defendants. As plaintiff cannot possibly obtain relief, dismissal of the entire action is therefore appropriate.

CONCLUSION

For the foregoing reasons IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss, Dckt. Nos. 5, 6, be granted without leave to amend, and this case be dismissed.

2. Defendants' motions to declare plaintiff a vexatious litigant, Dckt. Nos. 7, 23, be denied.

////

////

3. Plaintiff's "Motion to Proceed," Dckt. No. 22, be denied.

4. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 19, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE